**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-09-576-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Manuel Landeros-Lopez (1); Joel Landeros-Gomez (2); Jesus Landeros-Lopez (3); Elisa Rojas-Cuadra (4); Jose Cuadra (5); Marco Martinez-Alvarez (6); and Javier Valazquez-Rios (7), | ) | |
| Defendants. | ) | |

The government filed an indictment in this case on May 19, 2009. Dkt. #3. A superseding indictment was filed on May 20, 2010. Dkt. #199. That indictment charges four offenses: conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 (count one), possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) (counts two and three), and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(2) (count four). *Id.* at 2-3. Defendants Manuel Landeros-Lopez, Joel Landeros-Gomez, and Jesus Landeros-Lopez are named in each count. *Id.* Defendants Elisa Rojas-Cuadra and Jose Cuadra are named in counts one through three, and Defendants Marco Martinez-Alvarez and Javier Valazquez-Rios are named in counts one, two, and four. *Id.*

Several defense motions have been filed. A hearing was held on May 26, 2010. This order addresses the following motions: Defendant Elisa Rojas-Cuadra's motion to dismiss

counts one through three for *Apprendi* violation (Dkt. #120) and motion to dismiss count three for lack of evidence before the grand jury (Dkt #150), Defendant Javier Velazquez-Rios's motion to dismiss count four (Dkt. #127), Defendant Rojas-Cuadra's motion for *Henthorn* review of agent personnel files (Dkt. #135), motions for a bill of particulars filed by Defendants Rojas-Cuadra (Dkt. #148) and Manuel Landeros-Lopez (Dkt. #151), Defendant Javier Velasquez-Rios's motion for joinder in all motions filed by co-Defendants (Dkt. #126), Defendant Javier Velasquez-Rios's motion to suppress (Dkt. #131), and Defendant Elisa Rojas-Cuadra's motion to dismiss counts one through three for misconduct before the grand jury (Dkt. #149). The other pending motions will be addressed in separate orders. *See* Dkt. ##142, 145, 146, 147.

**I.    Motions to Dismiss Counts One Through Three.**

Defendant Rojas-Cuadra moves to dismiss counts one through three of the original indictment on the ground that those counts do not allege an amount of drugs and therefore violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Dkt. #120. Rojas-Cuadra also moves to dismiss count three on the ground that no supporting evidence was presented to the grand jury. Dkt. #150. Defendants Manuel Landeros-Lopez, Jose Cuadra, Joel Landeros-Gomez, and Javier Velazquez-Rios have joined the motions. Dkt. ##122, 124, 125, 126, 156, 169, 173, 185, 194, 197.

In its response briefs, filed April 15 and May 10, 2010, the government concedes that the lack of a drug-amount allegation in the indictment constitutes an *Apprendi* violation (Dkt. ##133 at 1, 178 at 3), and consents to the dismissal of count three without prejudice as no supporting evidence was presented to the grand jury (Dkt. #184 at 2). The government has since filed a superseding indictment. Dkt. #199. The parties agreed at the hearing that the superseding indictment (Dkt. #199) renders moot the motions to dismiss counts one through three of the original indictment (Dkt. ##120, 150).

**II.    Motion to Dismiss Count Four.**

A motion to dismiss the money laundering offense asserted in count four of the original indictment has been filed by Defendant Javier Velazquez-Rios (Dkt. #127) and

joined by Defendants Manuel Landeros-Lopez (Dkt. #129) and Joel Landeros-Gomez (Dkt. #185). Defendant Velazquez-Rios pled guilty to count four at the hearing. The other Defendants stated that they do not wish to pursue the motion to dismiss count four. The motion will therefore be denied as moot.

### III. Motion for *Henthorn* Review of Agent Personnel Files.

Defendant Elisa Rojas-Cuadra has filed a motion, under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), requesting that the government be ordered to produce the personnel records of all law enforcement witnesses for in camera review by the Court. Dkt. #135. Defendants Jose Cuadra and Joel Landeros-Gomez have joined the motion (Dkt. ##162, 185), and Defendant Manuel Landeros-Lopez has requested a *Henthorn* review of the personnel file of Special Agent Jeffrey Lehrmann (Dkt. #154 at 2).

*Henthorn* holds that, upon request by a defendant, the government must examine the personnel files of testifying officers and disclose material information that is favorable to the defense. 931 F.3d at 30-31. The government has disclosed Agent Lehrmann's entire personnel file. The parties agreed at the hearing that this disclosure renders the *Henthorn* motion moot as to Agent Lehrmann.

The government makes clear in its response brief that it is aware of, and intends to fully comply with, its review and disclosure obligations under *Henthorn* and *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. #176 at 1. The government notes, correctly, that information contained in the personnel files of testifying officers may be submitted to the Court for in camera review where "'the *prosecution* is uncertain about the materiality of [that] information[.]'" *Henthorn*, 931 F.2d at 31 (citation omitted; emphasis added). The *Henthorn* motion (Dkt. #135) will be denied to the extent Defendants request in camera review by the Court.

### IV. Motions for a Bill of Particulars.

Defendants Elisa Rojas-Cuadra and Manuel Landeros-Lopez have filed motions for a bill of particulars. Dkt. ##148, 151. Defendant Joel Landeros-Gomez has joined the motions. Dkt. ##169, 185. The government has filed a joint response (Dkt. #178), and

Defendant Rojas-Cuadra has filed a reply (Dkt. #192). For reasons stated below, the motions will be denied.

Defendants request a bill of particulars identifying, among other things, the specific overt acts underlying the alleged conspiracy, the names of unknown co-conspirators, the manner in which the co-conspirators agreed to posses with intent to distribute marijuana, and the evidence establishing the amount of drugs charged in the indictment. Dkt. ##148, 151. A bill of particulars "is designed to apprise the defendant of the specific charges being presented, to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In determining whether a bill of particulars is required, a court should consider "whether the defendant has been advised adequately of the charges against him in the indictment and all other disclosures made by the government." *Id.* "Full discovery will obviate the need for a bill of particulars." *Id.*

Defendants do not assert a failure to disclose on the part of the government. They instead complain that discovery is voluminous and has been provided in a disorganized manner. When those facts are added to the complexity of the case, Defendants contend, they are left without adequate notice of the offenses charged in the indictment. Dkt. ##148 at 6-7, 151 at 8-9.

A defendant is not, however, "entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *U.S. v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). A bill of particulars is not the proper vehicle for a defendant to obtain the names of any unknown co-conspirators or to determine the overt acts comprising the charged activity. *U.S. v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985); *U.S. v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). Unlike discovery, "a bill of particulars is intended to give the defendant only 'that minimum amount of information necessary to permit the defendant to conduct his *own* investigation,' and not to provide the defendant with the fruits of the government's investigation." *U.S. v. Baker*, No. 3:08-CR-00075, 2010 WL 9365537, at *2 (M.D. Pa. Mar. 15, 2010) (citation omitted; emphasis in original).

The superseding indictment alleges the specific dates of the offenses charged, the statutory elements of those offenses, and a general description of supporting facts. Dkt. #199. The government has made extensive disclosures to Defendants. Trial in this matter is some five months away (Dkt. #75 at 2), allowing defense counsel adequate time to review the evidence and prepare for trial. The motions for a bill of particulars (Dkt. ##148, 151) will be denied.

**V. Motion to Suppress.**

Defendant Javier Velasquez-Rios also filed a motion to suppress. Dkt. #131. As discussed above, Velazquez-Rios pled guilty to count four at the hearing. No other Defendant joined the motion or argued the motion at oral argument. The motion will therefore be denied as moot.

**VI. Motion to Dismiss Counts One through Three for Misconduct.**

Defendant Elisa Rojas-Cuadra filed a motion to dismiss Counts one through three for misconduct before the grand jury. Dkt. #149. As discussed above, the government has since filed a superseding indictment. Dkt. #199. The parties agreed at the hearing that the superseding indictment (Dkt. #199) renders moot the motion to dismiss counts one through three for misconduct before the grand jury.

**IT IS ORDERED:**

1. Defendant Elisa Rojas-Cuadra's motion to dismiss counts one through three for *Apprendi* violation (Dkt. #120) and motion to dismiss count three for lack of evidence before the grand jury (Dkt #150) are **denied** as moot.

2. Defendant Javier Velazquez-Rios's motion to join all motions filed by co-defendants (Dkt. #126) and motion to dismiss count four (Dkt. #127) are **denied** as moot.

3. Defendant Rojas-Cuadra's motion for *Henthorn* review of agent personnel files (Dkt. #135) is **denied**.

4. The motions for a bill of particulars filed by Defendants Rojas-Cuadra (Dkt. #148) and Manuel Landeros-Lopez (Dkt. #151) are **denied**.

5. Defendant Javier Velasquez-Rios's motion to suppress (Dkt. #131) is **denied** as moot.
6. Defendant Elisa Rojas-Cuadra's motion to dismiss counts one through three for misconduct before the grand jury (Dkt. #149) is **denied** as moot.

DATED this 1st day of June, 2010.

_David G. Campbell_
United States District Judge