**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-0576- PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Manuel Landeros-Lopez, et al., | ) | |
| Defendants. | ) | |

Defendant Manuel Landeros-Lopez has filed a motion in limine to prevent the admission in evidence of certain alleged hearsay statements. Doc. 253. Specifically, Defendant notes that the government intends to call Antwann Davon Holt as a witness at trial, and that Mr. Holt may be asked to recount information he learned in out-of-court conversations. Defendant provides examples of some of the statements Mr. Holt may be required to repeat, arguing that they are hearsay and inadmissible. *Id*.

The government opposes Defendant's motion in limine. Doc. 256. The government confirms that it will seek to call Mr. Holt as a witness at trial and may elicit testimony from him about out-of-court statements made by various individuals. The government contends that Antwann Holt is a co-conspirator of Defendant, that Mr. Holt will be asked to recount statements made in furtherance of the conspiracy, and that his testimony therefore will be admissible under Federal Rule of Evidence 801(d)(2)(E). *Id*.

Defendant has filed no reply memorandum in support of his motion, nor has Defendant requested that the Court hold a hearing on his motion.

On the present record, the Court is unable to grant Defendant's motion in limine. The parties have not precisely identified the testimony Mr. Holt will be asked to give at trial, the nature of the statements he will recount during his testimony, or the circumstances in which those statements were made. Without such information, the Court cannot conclude, at this stage of the proceeding, that the statements would be inadmissible hearsay.

"Under Rule 801(d)(2)(E), the statement of a co-conspirator is admissible against a defendant if the government shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 251 F.3d 951, 960-61 (9th Cir. 2000) (*citing Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). The Ninth Circuit has made clear that a district court may admit co-conspirator statements before the existence of a conspiracy is established, with the statements to be stricken from evidence if the government ultimately fails to satisfy foundational requirements. *See Parente v. United States*, 249 F.2d 752, 754 (9th Cir. 1957); *United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980); *United States v. Perez*, 658 F.2d 654, 658 (9th Cir. 1981); *see also United States v. Clayson*, No. CR-07-870-PHX-DGC, 2007 WL 1063169 at *3-4 (D. Ariz., Apr. 5, 2007).

The government states in its response that it will identify in a trial memorandum the specific statements to be introduced in evidence by Mr. Holt. The Court directs the government to file the trial memorandum before the final pretrial conference on February 10, 2011. If Defendant believes that statements identified in the trial memorandum are inadmissible, Defendant can raise this issue at the final pretrial conference.

**IT IS ORDERED** that Defendant's Motion in Limine Re: Hearsay Statements (Doc. 253) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 11/12/2010 for a total of 55 days.

DATED this 5th day of January, 2011.

_____
David G. Campbell
United States District Judge